1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11   PEDRO CORTEZ and MARIA CORTEZ,          Case No.:  20-CV-287 JLS (RBB)

12                          Plaintiffs,
                                             **ORDER DENYING WITHOUT**
13             vs.                           **PREJUDICE PLAINTIFF'S MOTION**
                                             **TO PROCEED** *IN FORMA*
14                                           *PAUPERIS*

15   WEI ZHANG; 1119 E. OHIO AVE.
     TRUST; NOELLE ZHANG; and DOES          (ECF No. 2)
16   1–50, inclusive,

17                          Defendants.

18

19        Presently before the Court is Plaintiffs Pedro and Maria Cortez's Motion to Proceed

20   *in Forma Pauperis* ("IFP") ("Mot.," ECF No. 2).  On February 14, 2020, Plaintiffs,

21   proceeding *pro se*, filed an action for violation of Regulation Z of the Truth in Lending Act

22   against Defendants Wei Zahng, 1119 E. Ohio Ave. Trust, and Noelle Zhang.  *See generally*

23   ECF No. 1 ("Compl.").  Following recusal of the Honorable Michael M. Anello on

24   February 18, 2020, Plaintiffs' case was reassigned to this Court.  *See* ECF No. 3.

25        All parties instituting any civil action, suit, or proceeding in a district court of the

26   United States, except an application for a writ of habeas corpus, must pay filing and

27   / / /

28   / / /

                                           1

administration fees totaling $400.[1]  28 U.S.C. § 1914(a).  A court may, however, in its discretion, allow a plaintiff to proceed without paying these fees if the plaintiff seeks leave to proceed IFP by submitting an affidavit demonstrating the fees impose financial hardship. *See* 28 U.S.C. § 1915(a); *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity.  *Escobeda*, 787 F.3d at 1234.  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life." *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

In *Escobeda*, for example, the filing fees constituted forty percent of the plaintiff's monthly income before factoring in her expenses.  *Id.* at 1235.  Taking into account the plaintiff's rent and debt payments, the filing fee would have required the entirety of two months' worth of her remaining funds, meaning that the plaintiff "would have to forgo eating during those sixty days, to save up to pay the filing fee."  *Id.*  Under those circumstances, the Ninth Circuit determined that paying the filing fee would constitute a significant financial hardship to the plaintiff.  *Id.*  Accordingly, the court reversed the magistrate judge's ruling denying the plaintiff IFP status.  *Id.* at 1236.

Here, the Court concludes that Plaintiffs have not met their burden of demonstrating that payment of the filing fee would constitute an undue financial hardship.  Plaintiffs' affidavit indicates their gross monthly income is $3,900.00, Mot. at 1, and that their net monthly income is $2,500.000.  *Id.*  The have $55 in a checking account, *id.* at 2, and six children, *id.*, although it is unclear how many are dependents.  Plaintiffs purport to have no "housing, transportation, utilities, or loan payments or other monthly expenses" or "[a]ny debts or financial obligations."  *Id.* at 2.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

20-CV-287 JLS (RBB)

In light of these representations, it appears Plaintiffs have more than sufficient income to afford life's necessities in addition to the filing fee. Indeed, given Plaintiffs' lack of monthly expenses and $2,500 net monthly income, there appears to be no reason why Plaintiffs cannot afford the requisite $400 filing fee. *See generally id.* at 1–2. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion.

## CONCLUSION

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a); and

3. Plaintiffs are **GRANTED** thirty (30) days from the date on which this Order is electronically docketed to either (1) pay the entire $400 statutory and administrative filing fee, or (2) file a new IFP Motion alleging they are unable to pay the requisite fees.

**IT IS SO ORDERED.**

Dated: March 30, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

20-CV-287 JLS (RBB)